### KRAMER *v.* AMBERG *et al.*

*(Supreme Court, Special Term, New York County.   October 4, 1888.)*

1. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW—INJUNCTION.
   Where, by the terms of a lease and the action of the parties, the lease has been terminated, and the lessor has become entitled to possession, he has an adequate remedy at law, and cannot proceed in equity to enforce any of the covenants of the lease.
2. EVIDENCE—PAROL—TO AFFECT WRITTEN LEASE.
   A prior oral agreement, restricting the use of the leased premises, not inserted in the written lease, cannot be enforced.

At chambers.   Motion for injunction in the action of William Kramer against Gustave Amberg and others.

*Mr. Johnson,* for plaintiff.   *Howe & Hummel,* for defendant.

INGRAHAM, J.   The lease of the theater from the plaintiff to the defendants contained a covenant that the defendant should not and would not assign his interest in the said lease or written agreement, or under-let or sublet the whole or any part of the said theater or premises, without the written consent of this plaintiff, and would not and should not sell, or suffer or permit to be sold, on any part or portion of the said premises or theater, any liquors, wines, etc., without the written consent of the plaintiff; and the said lease also contained a provision that in case the said defendant should violate any of the conditions, covenants, or provisions of the sixth paragraph of the said agreement or lease, or permit or allow any of said conditions, covenants, or provisions to be violated, then the said lease or agreement should, at the option of the said plaintiff, cease and come to an end immediately thereafter, anything therein contained to the contrary in anywise notwithstanding.

The complaint alleges that the defendant Amberg, the lessee, did sublet the premises to the defendant Jacobs, thus violating the covenant in the lease, and that the plaintiff had given notice to the defendants that the said sublease from the said Amberg to the said Jacobs, and the occupancy of the said Jacobs of the said premises, was without his sanction or consent; and that the plaintiff, in accordance with the provisions of the sixth paragraph of the lease, elects to have the said written lease or agreement cease, determine, and come to an end immediately.   These allegations of the complaint, if true, show that the lease between the plaintiff and defendant came to an end in consequence of the violation by the defendant Amberg of his covenant not to sublet, and the term demised by the said lease terminated.   This being the case, the plaintiff has perfect remedy to recover from the defendant the possession of the premises by summary proceedings, as the lease is no longer in force, and no application to a court of equity is necessary to enforce any of the covenants of the lease.   So far as the agreement not to play in the theater in the English language is sought to be enforced, it is sufficient to say that the covenant was a verbal agreement between the parties prior to the execution of the lease, and that it must be considered as merged in the written lease subsequently executed, and such provision, not having been inserted in such written lease, cannot be enforced.   The cases cited by counsel for the plaintiff, in which an injunction has been granted restraining the violation of a covenant contained in a lease, are cases in which the lease existed.   Plaintiff had no remedy, except the application to a court of equity, and is clearly distinguished from the cases in which, by the terms of the lease and the action of the parties, the lease itself is terminated, and plaintiff is entitled to the possession of the premises.   No necessity is shown for the interposition of a court of equity, and the motion for injunction must therefore be denied, with $10 costs.